IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HANS D. SCHERER,

        Plaintiff,

v.                                                                        Civil Action No. 2:17-CV-53

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
Social Security Administration

        Defendant.

## REPORT AND RECOMMENDATION

**I.    SUMMARY**

The Plaintiff advances three arguments, none of which the Court finds persuasive. Therefore, the Court recommends that the Plaintiff's [ECF Nos. 8 and 13] Motions for Summary Judgment be denied and the Commissioner's [ECF No. 11] Motion for Summary Judgment be granted.

First, the Plaintiff argues that the Defendant improperly determined that the Plaintiff did not meet the severity of one of the impairments contained in the listings. However, the evidence pointed to by Plaintiff was not presented prior to the Administrative Law Judge's ("ALJ") decision, so the Appeals Council properly determined it could not be considered. Furthermore, there is substantial evidence cutting the other way which supports the ALJ's conclusion.

Second, the Plaintiff argues that the ALJ failed to properly develop the record with respect to the Plaintiff's spinal condition, and the Appeals Council erred in not consulting a medical expert before reaching a decision. Yet, the ALJ developed the record, his decision is supported by substantial evidence, and the decision of whether or not to make inquiries of a

medical expert is discretionary. Also, the evidence Plaintiff says should have led the Appeals Council to consult a medical expert was properly not considered by the Appeals Council.

Finally, the Plaintiff argues that the ALJ and Appeals Council failed to give proper weight to the findings and opinions of Plaintiff's physicians. However, as stated above, the ALJ's findings were indeed supported by substantial evidence, and proper weight was given by the ALJ. The Appeals Council properly declined to consider the later evidence presented by Plaintiff because of when it was presented, as will be discussed in more detail below.

## II.     PROCEDURAL HISTORY

On July 3, 2013, the Plaintiff, Hans D. Scherer, filed a Title II application for disability insurance benefits (DIB). R. 64. The Plaintiff's application alleged a disability beginning February 27, 2012. R. 64. The Plaintiff's application was denied on September 4, 2013, and again upon reconsideration on December 4, 2013. R. 64. Thereafter, the Plaintiff filed a request for a hearing on January 18, 2014. R. 64. The Plaintiff, represented by a non-attorney, appeared and testified at a video hearing in Martinsburg, West Virginia on May 19, 2015. R. 64. A vocational expert ("VE") also testified. R. 64. On June 17, 2015, the ALJ issued an unfavorable decision. R. 61. The Appeals Council denied Plaintiff's request for review of the ALJ's findings on February 7, 2017. R. 1.

On April 3, 2017, Plaintiff filed a complaint in this Court to obtain judicial review of the decision of the Commissioner of Social Security denying her application. ECF No. 1. The Plaintiff subsequently submitted additional evidence to the Appeals Council, which the Appeals Council declined to consider during the pendency of the action before this Court. R. 1.

### III.     THE ALJ'S FINDINGS

In determining whether the Plaintiff was disabled, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520; 416.920. The first step in the process is determining whether a claimant is currently engaged in substantial gainful activity. *Id.* §§ 404.1520(b); 416.920(b). If the claimant is not engaging in substantial gainful activity, then the second step requires the ALJ to determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe. *Id.* §§ 404.1520(c); 416.920(c). If the claimant has a severe impairment or combination of impairments, then the analysis moves to the third step in the sequence, which requires the ALJ to determine whether the claimant's impairment or combination of impairments meets or equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listings). *Id.* §§ 404.1520(d); 416.920(d). If an impairment meets or equals a listed impairment, the claimant is disabled. *Id.* §§ 404.1520(d); 416.920(d). However, if the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's residual functional capacity ("RFC"), which is the claimant's ability to do physical and mental work activities on a sustained basis despite the limitations of her impairments. *Id.* §§ 404.1520(e); 416.920(e).

After determining the claimant's RFC, the ALJ must determine, at step four, whether the claimant has the RFC to perform the requirements of her past relevant work. *Id.* §§ 404.1520(f); 416.920(f). If the claimant does not have the RFC to do her past relevant work, then she has established a *prima facie* case of disability, and the burden shifts to the Commissioner to demonstrate, at the final step in the process, that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's RFC, age, education, and work

experiences. *Id.* §§ 404.1520(g); 416.920(g); *see also McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983).

At step one of the sequential process, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since February 27, 2012, the alleged onset date. R. 66. At step two, the ALJ found that the Plaintiff had the following severe impairments: substance abuse disorder, depression, degenerative disc disease, hypertension, gout, and left foot friction injury. R. 66. At the third step, the ALJ found that none of the Plaintiff's impairments or any combination of his impairments met or medically equaled the severity of one of the impairments contained in the listings. R. 67. The ALJ then determined that the Plaintiff had the RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) with exceptions. The claimant must avoid all exposure to hazards such as machinery and unprotected heights, and can never climb ladders, ropes, or scaffolds. He can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The claimant can occasionally push/pull and reach with his left upper extremity. He can tolerate no more than occasional exposure to temperature extremes (heat or cold), wetness, humidity, and excessive vibrations. The claimant can perform simple, routine, unskilled tasks.

R. 69. At step four, the ALJ determined that the Plaintiff was unable to perform any past relevant work. R. 78. At step five, the ALJ determined that, "considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." R. 79. Thus, the ALJ found that the Plaintiff was not disabled. R. 80.

IV. **LEGAL STANDARDS**

    A. <u>**Summary Judgment**</u>

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law. Fed. R.

Civ. P. 56.  The party seeking summary judgment bears the initial burden of showing the absence of any issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  All inferences must be viewed in the light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

### B. Judicial Review

This Court's review of the ALJ's decision is limited to determining whether the decision is supported by "substantial evidence." 42 U.S.C. §§ 405(g);1383(c)(3).  The ALJ's decision must be upheld if it is supported by substantial evidence.  *Id*.  "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance."  *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  Substantial evidence is not a "large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Pierce v. Underwood*, 487 U.S. 552, 664-65 (1988) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The decision before the Court is "not whether the Claimant is disabled, but whether the ALJ's finding of no disability is supported by substantial evidence."  *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 2001)).

An ALJ's findings "as to any fact, if supported by substantial evidence, shall be conclusive."  *Walls v. Barnhart*, 296 F. 3d 287, 290 (4th Cir. 2002) (quoting 42 U.S.C. § 405(g)).  Moreover, judicial review "of a final decision regarding disability benefits is limited to

determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Id.* (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). In reviewing the case to determine whether substantial evidence exists, this Court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Id. (quoting Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)).

V.     **DISCUSSION**

The Plaintiff advances three arguments. First, that the Appeals Council incorrectly determined Plaintiff did not meet the severity of a listed impairment. Second, that the Appeals Council erred in not consulting a medical expert before reaching any conclusion. Third, that the ALJ and Appeals Council failed to give proper weight to the opinion of a doctor who treated the Plaintiff. The Court is not persuaded by these arguments.

A.     **There is Substantial Evidence Supporting the ALJ's Conclusions**

The Plaintiff contends that the Plaintiff should have been found by the Defendant to meet or equal listing 1.04 on review of the Appeals Council. The Plaintiff argues that this is evidenced by the findings of Dr. Alex Ambroz in his medical assessments of Plaintiff. These assessments of are the only evidence relied upon by Plaintiff in support of this argument.

The ALJ's decision was issued on June 17, 2015. Although the Court is not aware of when Dr. Ambroz first saw the Plaintiff, all records and assessments relied on by Plaintiff to support his argument are dated in 2017. Therefore, it was not possible for the ALJ to have considered Dr. Ambroz's assessments with respect to listing 1.04 because the assessments had not yet been completed at the time of the ALJ's decision. Indeed, the Plaintiff submitted these records as evidence not only after the ALJ ruling, but after the Appeals Council had declined to

review Plaintiff's case for the first time. The Plaintiff argues that the Appeals Council should have found Plaintiff met listing 1.04 upon Plaintiff's second request that the Appeals Council review his case.

The Appeals Council will only consider an appeal based on new evidence for good cause. 20 C.F.R. § 404.970. Title 20 C.F.R. § 404.970(b) lays out the circumstances constituting good cause under which the Appeals Council will consider additional evidence not presented to the ALJ. *Id*. Nothing in the record indicates that there was any reason Dr. Ambroz's findings were not presented to the ALJ other than the fact that the assessments had not yet taken place, and Plaintiff may have not even seen Dr. Ambroz yet at the time of the ALJ hearing. This is not one of the circumstances provided by the statute that would constitute good cause thereby allowing the Appeals Council to consider such evidence. *Id*. Accordingly, the Appeals Council was correct not to consider Dr. Ambroz's assessments. If, as here, the Appeals Council does not find good cause for the additional evidence not being previously submitted, they shall send a notice "that explains why it did not accept the additional evidence and advises you of your right to file a new application." 20 C.F.R. § 404.970(c). This was done in the instant case. The Appeals Council tells the Plaintiff in their letter to him denying review of his case for the second time that because of when the new evidence was submitted, Plaintiff would need to file a new disability claim for the new evidence to be considered. ECF No. 6-2 at 4. Therefore, Plaintiff's argument is without merit.

### B. It Was Within the ALJ's Discretion Not to Consult a Medical Expert

Next, the Plaintiff argues that the Appeals Council erred when, upon seeing the assessments of Dr. Ambroz, they did not seek the opinion of a medical expert to address the severity of Plaintiff's spinal condition. As noted above, the Appeals Council was not in a

position to consider the assessments of Dr. Ambroz due to when they were submitted. Still, the Court will proceed to address this argument as if the Appeals Council could have considered Dr. Ambroz's assessments.

Plaintiff presents no statutory or case citation for the idea that the ALJ or Appeals Council is ever *required* to consult a medical expert, nor any that suggest when they should do so. The only authority cited is *Richardson v. Perales*, a Supreme Court case in which the Court simply says that it is not "reprehensible" to consult a medical expert. *Richardson v. Perales*, 402 U.S. 389, 408 (1971). *Richardson* does not hold that consultation of a medical expert is required, preferred, or even suggested; rather the Court says "[w]e see nothing unconstitutional or improper" about consulting a neutral medical expert. *Id*. Accordingly, the Plaintiff's assertion that "[w]hen the Commissioner determined that the records involved specific finding involving serious and significant disorders of the spine that were verified by objective testing, this should have trigger[ed] to request for a medical expert . . ." is incorrect.

Additionally, statutory guidance tells us that the ALJ and Appeals Council are given discretion in deciding whether to consult a medical expert and will do so only if they feel a decision cannot be made using the evidence already on the record. 20 C.F.R. § 404.1519(a). In the instant case, the ALJ makes clear that he felt a decision could be reached using the evidence already presented.

The Plaintiff also argues that the Defendant failed to adequately develop the record. This Court disagrees. The ALJ goes through several listings individually and address why he believes the Plaintiff fails to meet them. R. 67-68. The ALJ then presented a detailed summary of the evidence presented at the hearing, as well as the medical evidence available to him at the time of his decision. R. 69-77. The ALJ then provides his analysis of the evidence and states his

conclusions. R. 77-80. The record was more than adequately developed using the information at the ALJ's disposal at the time his decision was issued. Much of the evidence the Plaintiff cites was not available to the ALJ at the time his decision was issued. Therefore, the Plaintiff's argument is without merit.

### C.     The ALJ Gave Proper Weight to the Opinions of All Involved Physicians

Lastly, Plaintiff argues that the Appeals Council erred in not giving proper weight to some of Plaintiff's treating physicians. Plaintiff concludes that with the new evidence in hand, the Appeals Council should have found the ALJ's decision to be unsupported by substantial evidence and find Plaintiff to be disabled. ECF No. 8 at 13-16.

The Plaintiff states that the Appeals Council "had a duty to consider the new and material evidence from Dr. Ambroz . . . ." *Id*. at 14. To the contrary, as discussed above, the Appeals Council was correct in not considering the new evidence absent a showing of good cause by Plaintiff. 20 C.F.R. § 404.970(b). The Plaintiff again declines to say which of these good cause exceptions he believes he falls within which would have allowed the Appeals Council to review the new evidence. Without the Plaintiff falling into one of these good cause exceptions, the Appeals Council had no such duty to review the new evidence.

Furthermore, 20 C.F.R. 416.927(d) provides that opinions on some issues are not medical opinions; rather they are "opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case." *Id*. This includes determinations about whether a claimant is disabled or unable to work. *Id*. The regulation goes on to say that although "we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments . . . your residual functional capacity . . . or the application of vocational factors, the

final responsibility for deciding these issues is reserved to the Commissioner." *Id*. In conclusion, 20 C.F.R. 416.927(d)(3) states that special significance will not be given "to the source of an opinion on issues reserved to the Commissioner." *Id*. This means that even if a doctor who treated the Plaintiff would have found Plaintiff to be disabled, the ALJ was not required to agree with that assessment so long as there was conflicting evidence.

The medical evidence available to the ALJ at the time of his decision certainly conflicted. There were multiple objective tests performed on Plaintiff to access his orthopedic strength, but with often conflicting results. Dr. Robert Webb performed a spinal MRI in 2013 which was negative. Dr. Webb further noted that some symptoms that were in fact exhibited by Plaintiff may not have been related to a spinal problem. A finding by Dr. Sidhartha Chandela, cited by Plaintiff, was followed by a later admission by Dr. Chandela that Plaintiff had attempted to manipulate her. This leads into another issue, which is that multiple doctors who saw Plaintiff for back pain believed he was being less than fully truthful about the extent of his pain in an effort to obtain pain medication. Dr. Chandela and Dr. Michelle Skinner, both of whom had earlier reports cited by Plaintiff, were among them. The ALJ expressly states that this is factored in to his credibility assessment of the Plaintiff. That is in addition to the fact that the evidence cited by Plaintiff was largely provided after the ALJ decision was issued.

The decision before the Court is "not whether the Claimant is disabled, but whether the ALJ's finding of no disability is supported by substantial evidence." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 2001)). Accordingly, a finding that Plaintiff was not disabled was within the ALJ's discretion.

None of the evidence which Plaintiff points to as showing Plaintiff to be disabled could have been considered by anyone other than the Appeals Council due to when it was presented.

As discussed above, the Appeals Council was not in a position to review this evidence either. On top of all that, even if the new evidence would have been allowed to be considered, there was conflicting evidence that would have rendered a finding that Plaintiff was not disabled permissible even with all the new evidence. Accordingly, Plaintiff's argument is without merit.

## VI.     RECOMMENDATION

Based on the foregoing, the Court concludes that the ALJ's decision complied with the applicable law and regulations. Accordingly, the Court **RECOMMENDS THAT**:

1.     Plaintiff's [ECF Nos. 8 and 13] Motions for Summary Judgment be **DENIED**; and

2.     Commissioner's [ECF No. 11] Motion for Summary Judgment be **GRANTED**.

Any party who appears *pro se* and any counsel of record, as applicable, may, within fourteen days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.

A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Report and Recommendation to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: April 4, 2018                             */s/ James E. Seibert*
                                                 JAMES E. SEIBERT
                                                 U.S. MAGISTRATE JUDGE