IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**HANS D. SCHERER**,

    Plaintiff,

v.                                        Civil Action No. 2:17-CV-53
                                                             (BAILEY)

**NANCY A. BERRYHILL,**
**Deputy Commissioner for Operations,**
**Social Security Administration**,

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge James E. Seibert [Doc. 14] and the plaintiff's Objections thereto [Doc. 15]. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections permits the district court to review the R&R under the standards that the district court believes are appropriate, and under these circumstances, the parties' right to *de novo* review is waived. See ***Webb v. Califano***, 468 F.Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a *de novo* review only as to those portions of the R&R to which the plaintiff objected. The remaining portions of the R&R will be reviewed for clear error. As a result, it is the opinion of this Court that the R&R should be **ADOPTED**.

1

## I. Background

On July 3, 2013, the plaintiff, Hans D. Scherer, filed a Title II application for a period of disability and disability insurance benefits ("DIB"), alleging a disability beginning February 27, 2012 [Doc. 6-2 at 65]. The plaintiff's claim was initially denied on September 4, 2013, and again upon reconsideration on December 4, 2013 [Id.]. Thereafter, the plaintiff filed a request for a hearing on January 18, 2014 [Id.]. The plaintiff, represented by a non-attorney, appeared and testified at a video hearing in Martinsburg, West Virginia on May 19, 2015 [Id.]. A vocational expert ("VE") also testified [Id.]. On June 17, 2015, the ALJ issued an unfavorable decision [Id.]. The Appeals Council denied plaintiff's request for review of the ALJ's findings on February 7, 2017 [Id. at 2].

On April 3, 2017, plaintiff filed a Complaint in this Court to obtain judicial review of the decision of the Commissioner of Social Security denying his application [Doc. 1]. The plaintiff subsequently submitted additional evidence to the Appeals Council, which the Appeals Council reviewed, but concluded that no change in the prior action was warranted [Doc. 6-2 at 2].

The plaintiff argues that the Appeals Council failed to properly consider new evidence. In the memorandum in support of motion for summary judgment, the defendant responds to each claim and argues that the ALJ's decision is supported by substantial evidence and that the Appeals Council properly declined to consider "new evidence" as a basis to review the ALJ's decision [Doc. 12].

On April 4, 2018, Magistrate Judge Seibert entered his R&R in which he concludes that the ALJ's decision denying the plaintiff's application for DIB is supported by substantial evidence and that the Appeals Council properly declined to consider the later evidence

presented by plaintiff [Doc. 14]. As such, the magistrate judge recommends that the plaintiff's Motions for Summary Judgment [Docs. 8, 13] be denied and the defendant's Motion for Summary Judgment [Doc. 11] be granted. The magistrate judge further recommends that the decision of the Commissioner be affirmed and the case be dismissed with prejudice. On April 17, 2018, the plaintiff filed timely objections [Doc. 15]. Plaintiff's sole objection claims error in the Appeals Council's failure to consider the new medical evidence. The defendant filed a response thereto on April 19, 2018 [Doc. 16].

## II. Applicable Legal Standards

### A. Judicial Review of an ALJ Decision

Judicial review of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g). "The findings . . . as to any fact, if supported by substantial evidence, shall be conclusive." **Richardson v. Perales**, 402 U.S. 389, 390 (1971); **Coffman v. Bowen**, 829 F.2d 514, 517 (4th Cir. 1987). The phrase "'supported by substantial evidence'" means "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *See* **Perales**, 402 U.S. at 401 (citing **Consol. Edison Co. v. NLRB**, 305 U.S. 197, 229 (1938)). Substantial evidence "consists of more than a mere scintilla of evidence[,] but may be somewhat less than a preponderance . . . ." **Laws v. Celebrezze**, 368 F.2d 640, 642 (4th Cir. 1966). Thus, "[i]t is not within the province of a reviewing court to determine the weight of the evidence; nor is it [the court's] function to substitute [its] judgment . . . if [the] decision is supported by substantial evidence." *Id.* (citing **Snyder v. Ribicoff**, 307 F.2d 518, 520 (4th Cir. 1962)).

Ultimately, it is the duty of the ALJ reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence. **King v. Califano**, 599 F.2d 597, 599 (4th Cir. 1979). "This Court does not find facts or try the case *de novo* when reviewing disability determinations." *Id.*; *see also* **Seacrist v. Weinberger**, 538 F.2d 1054, 1056-57 (4th Cir. 1976); and **Hays v. Sullivan**, 907 F.2d 1453, 1456 (4th Cir. 1990).

## B. Five-Step Evaluation Process

To determine whether a claimant is disabled, the ALJ considers the following five-step evaluation process:

Step One: Determine whether the claimant is engaging in substantial gainful activity;

Step Two: Determine whether the claimant has a severe impairment;

Step Three: Determine whether the claimant has a listed impairment (20 C.F.R. Part 404, Subpart P, Appendix 1) and conduct a Residual Functional Capacity ("RFC") assessment;

Step Four: Consider the RFC assessment to determine whether the claimant can perform past relevant work; and

Step Five: Consider the RFC assessment, age, education, and work experience to determine whether the claimant can perform any other work.

*See* 20 C.F.R. § 404.1520(a)(4) (2011).

Once the claimant satisfies Steps One and Two, he/she will automatically be found disabled if he/she suffers from a listed impairment and meets the duration requirement. **Rhoderick v. Heckler**, 737 F.2d 714, 715 (7th Cir. 1984); 20 C.F.R. § 404.1509. If the claimant does not have listed impairments but cannot perform his/her past work, the burden shifts to the Commissioner to show that the claimant can perform some other job.

*Rhoderick*, 737 F.2d at 715.

### III.  Discussion

At step one of the sequential process, the ALJ found that the plaintiff had not engaged in substantial gainful activity since February 27, 2012, the alleged onset date [Doc. 6-2 at 67].  At step two, the ALJ found that the plaintiff had the following severe impairments: substance abuse disorder, depression, degenerative disc disease, hypertension, gout, and left foot friction injury [Id.].  At the third step, the ALJ found that none of the plaintiff's impairments or any combination of his impairments met or medically equaled the severity of one of the impairments contained in the listings [Id. at 68].  The ALJ then determined that the plaintiff had the RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) with exceptions. The claimant must avoid all exposure to hazards such as machinery and unprotected heights, and can never climb ladders, ropes, or scaffolds.  He can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl.  The claimant can occasionally push/pull and reach with his left upper extremity.  He can tolerate no more than occasional exposure to temperature extremes (heat or cold), wetness, humidity, and excessive vibrations.  The claimant can perform simple, routine, unskilled tasks.

[Doc. 6-2 at 70].  At step four, the ALJ determined that the plaintiff was unable to perform any past relevant work [Id. at 79].  At step five, the ALJ determined that, "considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform."

[Id. at 80]. Accordingly, the ALJ found that the plaintiff was not disabled [Id. at 81].

## Plaintiff's Objection

The plaintiff objects to the magistrate judge's conclusion that the plaintiff's additional evidence that was submitted to the Appeals Council is not material evidence. Specifically, plaintiff refers to the medical records of Dr. Alex Ambroz (Tr. 10-19), his medical assessment (Tr. 20-21), the Physical RFC of Dr. Kerry R. Lewis (Tr. 743-747), and the records of Martinsburg Family Health Care (Tr. 748-755) [Doc. 15 at 1].

### a. Applicable Legal Standard

The Appeals Council must consider additional evidence that is submitted with a request for review in deciding whether to grant review "if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991). Evidence that is new is neither duplicative nor cumulative. *Id.* "Evidence is material if there is a reasonable probability that it would have changed the outcome." *Id.* at 96 (citing *Borders v. Heckler*, 777 F.2d 954, 956 (4th Cir. 1985)). Evidence relates to the period on or before the date of the ALJ's decision if it provides evidence of impairments at the time of the decision. See *Johnson v. Barnhart*, 434 F.3d 650, 655-56 (4th Cir. 2005).

"[I]f upon consideration of all of the evidence, including any new and material evidence, the Appeals Council finds the ALJ's action, findings, or conclusions not contrary to the weight of the evidence, the Appeals Council can simply deny the request for review." *Meyer v. Astrue*, 662 F.3d 700, 705 (4th Cir. 2011). The Appeals Council is not required to "articulate its rationale for denying a request for review." *Id.* at 705-06. In *Meyer*, the

Fourth Circuit held that it could not determine, "from review of the record as a whole, if substantial evidence support[ed] the [ALJ's] denial of benefits" and remanded the decision for further proceedings to consider the probative value of the new and material evidence. *Id.* at 702. The *Meyer* court noted that the new evidence in that case conflicted with the evidence of record at the time of the ALJ's ruling and the case was not "as one-sided" as other cases in which substantial evidence supported the ALJ's ruling. *Id.* at 707. Moreover, the Fourth Circuit noted that the new evidence directly related to a gap in the evidence that the ALJ utilized as a basis for his ruling. *Id.*

### b. Discussion

The plaintiff argues that the Appeals Council failed to properly consider new evidence that the plaintiff submitted with his request for review [Doc. 15]. In his R&R, Magistrate Judge Seibert found the Appeals Council was correct in not considering the new evidence absent a showing of good cause by plaintiff. 20 C.F.R. § 404.970(b). The plaintiff again declines to say which of these good cause exceptions he believes he falls within which would have allowed the Appeals Council to review the new evidence. Without the plaintiff falling into one of these good cause exceptions, the Appeals Council had no such duty to review the new evidence.

In his R&R, Magistrate Judge Seibert added the following:

> Furthermore, 20 C.F.R. § 416.927(d) provides that opinions on some issues are not medical opinions; rather they are "opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case." Id. This includes determinations about whether a

7

claimant is disabled or unable to work. Id. The regulation goes on to say that although "we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments . . . your residual functional capacity . . . or the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner." Id. In conclusion, 20 C.F.R. § 416.927(d)(3) states that special significance will not be given "to the source of an opinion on issues reserved to the Commissioner." Id. This means that even if a doctor who treated the plaintiff would have found plaintiff to be disabled, the ALJ was not required to agree with that assessment so long as there was conflicting evidence.

      The medical evidence available to the ALJ at the time of his decision certainly conflicted. There were multiple objective tests performed on plaintiff to access his orthopedic strength, but with often conflicting results. Dr. Robert Webb performed a spinal MRI in 2013 which was negative. Dr. Webb further noted that some symptoms that were in fact exhibited by plaintiff may not have been related to a spinal problem. A finding by Dr. Sidhartha Chandela, cited by plaintiff, was followed by a later admission by Dr. Chandela that plaintiff had attempted to manipulate her. This leads into another issue, which is that multiple doctors who saw plaintiff for back pain believed he was being less than fully truthful about the extent of his pain in an effort to obtain pain medication. Dr. Chandela and Dr. Michelle Skinner, both of whom had earlier reports cited by plaintiff, were among them. The

> ALJ expressly states that this is factored into his credibility assessment of the plaintiff. That is in addition to the fact that the evidence cited by plaintiff was largely provided after the ALJ's decision was issued.
>
> The decision before the Court is "not whether the Claimant is disabled, but whether the ALJ's finding of no disability is supported by substantial evidence." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 2001)). Accordingly, a finding that plaintiff was not disabled was within the ALJ's discretion. None of the evidence which plaintiff points to as showing plaintiff to be disabled could have been considered by anyone other than the Appeals Council due to when it was presented. As discussed above, the Appeals Council was not in a position to review this evidence either. On top of all that, even if the new evidence would have been allowed to be considered, there was conflicting evidence that would have rendered a finding that plaintiff was not disabled permissible even with all the new evidence. Accordingly, plaintiff's argument is without merit.

[Doc. 14 at 9-11].

Indeed, in its denial of review, the Appeals Council stated that it will review a case for various reasons, including the receipt of "new and material evidence and the decision is contrary to the weight of all the evidence now in the record" [Doc. 6-2 at 4]. In the plaintiff's case, the Appeals Council stated that it considered the plaintiff's arguments regarding the ALJ's decision; the Appeals Council also stated that it considered the

additional evidence that the plaintiff submitted [Doc. 6-2 at 5]. The Appeals Council also considered whether the ALJ's action, findings, or conclusion is contrary to the weight of the evidence currently of record, and concluded that the additional evidence did not provide a basis for changing the ALJ's decision [Id.].

Even if this Court were to determine that the evidence is new and relevant to the time of the ALJ's decision, this Court nevertheless agrees with the Appeals Council's determination. It is not sufficient to find that the Appeals Council erred in not finding the evidence material. Even where evidence is subject to more than one rational interpretation, a court must uphold an ALJ's findings if those findings are supported by inferences reasonably drawn from the record. See 42 U.S.C. § 405(g); *see also* **Ludwig v. Astrue**, 681 F.3d 1047 (9th Cir. 2012); **Molina v. Astrue**, 674 F.3d 1104 (9th Cir. 2012).

This case is distinguishable from a recent ruling by this Court in which a social security decision was remanded to the ALJ for additional fact-finding based upon new and relevant evidence. *See* **Boggs v. Astrue**, 2012 WL 5494566 (N.D. W.Va. Nov. 13, 2012). The additional evidence in **Boggs** was objective medical evidence that directly related to a gap in the record regarding the claimant's physical limitations that the ALJ used as a basis for the RFC assessment; as such, this Court determined that the evidence was material. Here, the ALJ did not merely rely upon a gap in the record; the ALJ also pointed to substantial evidence in the record supporting his decision. As such, this Court does not find the additional evidence in this case to be material.

As previously noted by this Court, the disability determination is a legal conclusion reserved for the Commissioner and not a medical opinion that is entitled to controlling

weight.  However, the mere existence of contradictory additional evidence does not necessitate a finding that the evidence would have changed the ALJ's decision.  The ALJ cited to substantial evidence in making his ruling, despite the presence of contradicting evidence.  The addition of more contradicting evidence does not negate the substantial evidence on which the ALJ relied.  As noted by the Ninth Circuit Court of Appeals, the evidence might support more than one rational interpretation; however, so long as the ALJ's ruling is supported by substantial evidence, it must be upheld.  See **Ludwig**, 681 F.3d 1047, and **Molina**, 674 F.3d 1104; see also 42 U.S.C. § 405(g).  Remand is required only where the additional evidence calls into question the fact that the ALJ's ruling is supported by substantial evidence.  See **Meyer**, 662 F.3d at 707 (noting that the Fourth Circuit has affirmed the denial of benefits in cases where additional evidence was presented to the Appeals Council but the ALJ's decision was supported by substantial evidence, but remanding the decision in that case because the Fourth Circuit "simply [could not] determine whether substantial evidence support[ed] the ALJ's decision").

As such, this Court finds no error with the Appeals Council's determination that the additional evidence was not likely to change the ALJ's ruling and was, therefore, not material.  Accordingly, this Court hereby **OVERRULES** the plaintiff's objection.

### IV.  Conclusion

Upon careful consideration, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 14]** should be, and hereby is, **ADOPTED**.  Further, the plaintiff's Objections **[Doc. 15]** are **OVERRULED**.  Therefore, this Court **ORDERS** that the defendant's Motion for Summary Judgment **[Doc. 11]** is hereby **GRANTED** and the

plaintiff's Motion for Summary Judgment **[Docs. 8, 13]** are hereby **DENIED**. Accordingly, this Court hereby **DENIES** and **DISMISSES** the plaintiff's Complaint **[Doc. 1]** and **ORDERS** that this matter be **STRICKEN** from the active docket of this Court. The Clerk is directed to enter a separate judgment in favor of the defendant.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

**DATED**: April 26, 2018.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE